JOE BASTIN v. STATE.

No. A-4192.   Opinion Filed Sept. 29, 1923.
(218 Pac. 543.)

Appeal from County Court, Carter County; M. F. Winfrey, Judge.

Joe Bastin was convicted of the unlawful possession of intoxicating liquor, and he appeals. Affirmed.

R. A. Howard, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error was convicted in the county court of Carter county on the 6th day of December, 1921, of the crime of unlawful possession of intoxicating

liquor, and sentenced to pay a fine of $200 and to serve a term of 90 days' imprisonment in the county jail.

The information charged the possession of 5 gallons and 20 bottles of intoxicating liquor, to wit, Choctaw beer. The proof on the part of the state supports the allegations of the information that defendant was possessed of such quantity of Choctaw beer at a resort conducted by him on the banks of the Washita river, east of the town of Berwyn, in Carter county, Okla., and that such beer contained 3.3 per cent. of alcohol measured by volume. Plaintiff in error as a witness admitted possession of part of the beer, but denied that the largest quantity found belonged to him. While there is a clear conflict in the evidence as to whether or not the defendant was possessed of all of this beer or not, it was the sole province of the jury to determine whom to believe and whom to disbelieve. This court will not disturb a conviction based upon conflicting evidence, where the evidence on the part of the state, if believed, is sufficient to sustain the conviction.

It is also contended that the court failed to fully instruct on the law of the case, and in refusing to give a certain requested instruction. The defendant consented to the giving of oral instructions, and took no exceptions to the instructions as given. The instruction requested was properly refused, as it constituted a comment on the weight of the evidence.

Upon consideration of the entire record we find no sufficient reason urged for reversing the judgment. The conviction is therefore affirmed.